UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.:

Ariana R. Menendez,

     Plaintiff,

       v.

State of Florida Justice
Administrative Commission
State Attorney Office
Fourth Judicial Circuit

     Defendant,

_____/

## **COMPLAINT**

Plaintiff Ariana R. Menendez, by and through the undersigned counsel, hereby sues Defendant State of Florida Justice Administrative Commission, State Attorney Office Fourth Judicial Circuit, on the grounds set forth herein.

### Introduction

1. This is an action by Plaintiff Ariana R. Menendez, under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000 et seq., The Pregnancy Discrimination Act amendment, 42 U.S.C.A. § 2000e(k) (PDA); the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA Amendments Act" or "Act"); and the Florida Civil Rights Act of 1992 (FCRA), Florida Statutes Section 760, to redress the injury done to her by the

Defendant, on the basis of her Pregnancy, Disability, and Sex and Retaliation.

2. This is an action for damages brought in excess of $15,000.00, exclusive of interest, Attorney's fees and costs.

## Jurisdiction And Venue

3. This action is authorized and instituted pursuant to; and under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000 et seq., The Pregnancy Discrimination Act amendment, 42 U.S.C.A. § 2000e(k) (PDA); the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA Amendments Act" or "Act"); and the Florida Civil Rights Act of 1992 (FCRA), Florida Statutes Section 760.

4. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and §1343. Plaintiff invokes this Court's supplemental and pendant jurisdiction over Plaintiff's state law claims because they arise out of the same nucleus of operative facts as the federal Case and pursuant to §1343.

5. The venue of this action is properly placed in the Middle District of Florida, Jacksonville Division, pursuant to 28 U.S.C. §1391(b), since the employment practices hereafter alleged to be unlawful were committed in Duval County, within the jurisdiction of this Honorable Court.

## Parties

6.  Plaintiff Ariana R. Menendez is a resident of Clay County, who was employed by Defendant State of Florida Justice Administrative Commission, State Attorney Office, Fourth Judicial Circuit, and is a member of certain protected classes of persons.

7.  Defendant State of Florida Justice Administrative Commission, State Attorney Office Fourth Judicial Circuit (hereinafter SAO4th, or Defendant), is a State agency organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "Employer," as that term is used under the applicable laws identified above. Defendant provides legal and administrative services in Duval County, Florida, and within the jurisdiction of this Court.

   During all relevant times, Defendant SAO4th has continuously been an Employer engaged in an industry affecting commerce, within the meaning of Section 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

8.  At all relevant times, Defendant SAO4th  has continuously employed 15 or more persons.

<u>Procedural Requirements</u>

9.  All conditions precedent to this action has been fulfilled. On or about December 15, 2021, Plaintiff Ariana R. Menendez dual-filed her Charge of Discrimination with the EEOC and also with the Florida Commission on

Human Relations within 300 days of the alleged violation. To date, over six (6) months have passed since the filing of the complaints. On or about September 21, 2022, the U.S. Equal Employment Opportunity Commission (EEOC) issued Plaintiff a "Determination and Notice of Rights" with respect to the such charge of discrimination. *See Exhibit "A."*

10. The mentioned document was posted on or about Wednesday, September 21, 2022, but was opened by Plaintiff on or about December 14, 2022. To avoid further delays, Plaintiff will consider September 27, 2022, as her receiving date. Consequently, the present Complaint is being filed within 90 days from Plaintiff's receipt of the "Determination and Notice of Rights." [1]

## Statement Of Facts

11. Plaintiff Ariana R. Menendez is a 39-year-old female veteran and member of a protected class under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000 et seq., The Pregnancy Discrimination Act amendment, 42 U.S.C.A. § 2000e(k) (PDA); the Americans with Disabilities Act Amendments Act of 2008 ("ADA Amendments Act" or "Act")(ADAAA); and the Florida Civil Rights Act of 1992 (FCRA), Florida Statutes Section

---

[1] Plaintiff's counsel has been experiencing severe difficulties accessing the EEOC web portal to retrieve documents.  Plaintiff's "Determination and Notice of Rights" was retrieved on December 14, 2022.

760., because of her Sex, Pregnancy, Disability and because of her participation in protected activities within the meaning of Federal and State law.

12. Defendant SAO4th is a State Agency located at 311 W. Monroe St., Jacksonville, FL 32202, where Plaintiff worked.

13. Defendant SAO4th employed Plaintiff Ariana R. Menendez from approximately March 02, 2020, to September 17, 2021, or eighteen months (80 weeks).

14. Plaintiff was hired as a full-time employee, being employed as an Executive Assistant for Stephen Siegel, Chief Administrative Officer and Financial Administrator for SAO4th.

15. Throughout her employment with Defendant, Plaintiff performed her duties in an exemplary fashion. Plaintiff possessed all the required skills, training, and qualifications for the job in question and performed her duties without significant issue or controversy. Plaintiff was qualified to do the work she was assigned.

16. However, everything changed for Plaintiff on or about November 18, 2020, when Plaintiff informed her boss Stephen Siegel that she was pregnant.

17. Plaintiff notified about her Pregnancy to her boss Stephen Siegel, and she also informed HR Director Debra Canada about her condition and her need for medical appointments.

18. On or about March 25. 2020, pursuant to the COVID-19 pandemic safety measurements in effect, Plaintiff began to work from home and at the office twice per week.

19. After Plaintiff notified her superiors about her Pregnancy, she began to experience a different treatment.

20. Plaintiff was required to receive some training for specific administrative procedures with HR Director Debra Canada.

21. While working with Ms. Canada, Plaintiff was subjected to unlawful acts of discrimination and was further subjected to different terms and conditions of employment.

22. Ms. Canada asked Plaintiff inappropriate personal questions regarding her Pregnancy and made her feel terribly uncomfortable.

23. On or about March 2020,  Plaintiff began to work remotely and came to the office only twice a week. Ms. Canada requested Plaintiff to work more days at the office, regardless of COVID-19 concerns and her Pregnancy. Ms. Canada required Plaintiff's physical attendance five days per week.

24. Ms. Canada subjected Plaintiff to intense job scrutiny and surveillance. She questioned Plaintiff's time cards, her schedules, and everything Plaintiff did. Ms. Canada harassed Plaintiff on a daily basis.

25. On or about December 8, 2020, Plaintiff complained to her boss Mr. Siegel about the treatment received from Ms. Canada.

26. During the following weeks, Plaintiff was subjected to continuous harassment so severe that it created a hostile and offensive working environment for Plaintiff, and that resulted in adverse employment actions such as denial of special accommodations and, finally her termination.

27. Plaintiff felt harassed, unwelcome, uncomfortable, humiliated, and intimidated in her place of work. Plaintiff knew that her superiors were trying to fire her, but she did not complain for fear of precipitating her termination.

28. The hostile working environment suffered by Plaintiff caused her great mental distress and embarrassment.

29. Plaintiff continued working, but she felt unwelcome and isolated. Plaintiff knew immediately that the reason for this hostile treatment was her Pregnancy.

30. Plaintiff is a veteran in treatment for an impairment that substantially limits one or more life activities. Plaintiff altered or stopped her treatment when

she became pregnant. Plaintiff's health issues were exacerbated by the hostile working environment suffered.

31. On or about February 26, 2021, Plaintiff requested special accommodations under ADAAA, but her request was ignored.

32. On or about April 14, 2021,, Plaintiff was diagnosed with gestational diabetes. Plaintiff was having a high-risk pregnancy that required extensive pre-natal care. Plaintiff e-mailed her boss about her condition and her need for special accommodations, but she did not receive any answer.

33. At that time, Plaintiff's boss, Mr. Siegel, was recovering from an accident. Ms. Lisa Page substituted Mr. Siegel in some functions. However, Plaintiff received minimal directives from Ms. Page.

34. Plaintiff's requests for special accommodations to work remotely under ADAA were ignored or denied. On the contrary, Defendant removed Plaintiff from remote work, and she was required to physical attendance five days per week.

35. Other employees with similar conditions had been permitted to stay working at home during that period.

36. Due to her health condition and conflicting schedule keeping up with medical appointments, Plaintiff was forced to request an FMLA leave, following medical advice.

37. Plaintiff submitted documents on Friday, May 07, 2021, and her FMLA leave was approved on or about Monday, May 10, 2021.

38. Coincidentally, on or about Monday, May 10, 2022, Plaintiff was called to an impromptu meeting with Ms. Canada and Ms. Lisa Page to discuss Plaintiff's performance. Plaintiff was not informed about this meeting, she was not prepared, and she did not know that she had a performance issue.

39. During the meeting, Plaintiff was confused. Ms. Page informed Plaintiff about some mistakes related to a survey handled by Plaintiff months before and also mentioned some discrepancies in a spreadsheet that Plaintiff was working on, but Ms. Page did not have adequate material to present during the performance review. Instead,  Ms. Canada had Plaintiff's FMLA paperwork. From printed FMLA paperwork, Ms. Canada read and discussed Plaintiff's protected medical information. Plaintiff felt her HIPAA rights were violated.

40. After this meeting, Plaintiff knew that she was suffering retaliation for trying to exercise protected rights under Federal and State law.

41. Right after the meeting, on or about May 10, 2021, Plaintiff e-mailed Ms. Page and Ms. Canada a letter complaining about discrimination, retaliation, and violation of her rights under ADAAA, FMLA, PDA, and HIPPA.

Plaintiff also requested contact information of the head HR office at a higher level. Plaintiff's request was ignored.

42. Plaintiff went home on FMLA leave on or about May 10, 2021. She was authorized a medical leave with a return date of October 01, 2021.

43. On or about June 22, 2021, Plaintiff's baby was born.

44. On or about July 2021, Defendant contacted Plaintiff to ask for the exact delivery date.

45. On August 2021, Defendant contacted Plaintiff to ask about her intentions to return to work. Plaintiff told them that she intended to return on October 01, 2021, exactly as she was authorized. The same month Plaintiff received an e-mail alert for a job posting that was similar to her position.

46. However, on or about September 17, 2021, Mr. Siegel and Ms. Canada contacted Plaintiff and fired her.

47. At all times during her employment, the Plaintiff did perform and excel at the performance of the essential functions assigned to her by Defendant, and at the time of her termination, Plaintiff was under FMLA/ADAA protected leave.

48. Therefore, On or about September 17, 2021, Plaintiff Ariana R. Menendez was terminated, and Defendant's termination of Plaintiff was directly and proximately caused by Defendant's unjustified discrimination and

harassment against Plaintiff because of her Pregnancy and retaliation because of her opposition to be discriminated on the basis of her pregnancy and related complaints. Defendant's actions were in violation of both Federal and State Laws.

49. Moreover, Plaintiff's discharge came just after she used an FMLA/ADAA leave.

## COUNT I:
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C.A. §§ 2000E ET SEQ. AND THE PREGNANCY DISCRIMINATION ACT AMENDMENT, 42 U.S.C.A. § 2000E(K)

50. Plaintiff Ariana R. Menendez re-adopts every factual allegation as stated in paragraphs 1-49 above as if set out in full herein.

51. The Discrimination, harassment, and discharge of Plaintiff by Defendant was caused by Defendant deciding it did not want a pregnant woman working at SAO4th.

52. Defendant's decision to discriminate and to take adverse actions against Plaintiff was because of Plaintiff's physical condition of being pregnant.

53. At all relevant times aforementioned, including the time of termination, Defendant was aware that Plaintiff was pregnant.

54. At the time of termination from employment, Plaintiff did perform and excel at the performance of the essential functions assigned to her by Defendant.

55. The Plaintiff was well qualified for the position apart from her Pregnancy.

56. The Plaintiff was discriminated against, harassed, and then discharged by her superiors because she was pregnant.

57. The fact that Plaintiff was pregnant was the motivating factor in the selection of Plaintiff for discharge, as Defendant was looking to staff its positions with someone without a Pregnancy hindering work performance.

58. Defendant is a sophisticated employer who has actual knowledge of the requirements of the Pregnancy Discrimination Act (PDA).

59. The failure of Defendant to adhere to the mandates of the PDA was willful, and its violations of the provisions of the PDA were willful.

60. Defendant, through its practices and policies as an employer, willfully and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of her Pregnancy in violation of The Pregnancy Discrimination Act, with respect to its decision to discharge Plaintiff from employment.

61. Plaintiff's termination from employment by Defendant was directly and proximately caused by Defendant's unjustified discrimination against Plaintiff because she was pregnant in violation of the PDA.

62. As a direct and proximate result of Defendant's intentional conduct, Plaintiff suffered serious economic losses, as well as mental pain and suffering.

63. Any alleged nondiscriminatory reason for termination of Plaintiff asserted by Defendant is a mere pretext for the actual reason for termination, Plaintiff's Pregnancy.

64. Defendant's actions were malicious and were recklessly indifferent to Plaintiff's rights protecting a person from discrimination due to their Sex and Pregnancy.

65. Discrimination based on Pregnancy also constitutes unlawful Sex discrimination.

66. Plaintiff has retained the law offices of the undersigned Attorney to represent her in this action and is obligated to pay reasonable attorneys' fees and costs.

<u>Prayer For Relief</u>

WHEREFORE, Plaintiff Ariana R. Menendez respectfully requests that this Court order the following:

A. Grant a permanent injunction enjoining Defendant SAO4th, its officers, successors, assigns, and all persons in active concert or participation with it from engaging in any employment practice which discriminates on the basis of Pregnancy.

B. Reinstate Plaintiff to the same position she held before the retaliatory personnel action or to an equivalent position.

C. Reinstate full fringe benefits and seniority rights to Plaintiff.

D. Order Defendant SAO4th to make Plaintiff JESSICA V. GARRIDO whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest, and other remuneration for mental pain, anguish, pain, and humiliation resulting from the employment discrimination suffered.

E. Award a money judgment representing prejudgment interest.

F. Award any other compensation allowed by law, including punitive damages,

G. Award attorney's fees and costs.

<u>Demand for a Jury Trial</u>

Plaintiff Ariana R. Menendez demands a trial by jury on all issues triable as of right by a jury.

## **COUNT II:**

**VIOLATION OF <u>TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42
U.S.C.A. §§ 2000E ET SEQ. AND THE PREGNANCY DISCRIMINATION
ACT AMENDMENT, 42 U.S. § 2000e-2: RETALIATION</u>**

67. Plaintiff Ariana R. Menendez re-adopts every factual allegation as stated in paragraphs 1-49 above as if set out in full herein.

68. Plaintiff is a member of a protected class under Title VII of The Civil Rights Act of 1964, 42 U.S.C.A. Et seq., and The Pregnancy Discrimination Act Amendment, 42 U.S.C.A. § 2000E(K) because of her Sex and Pregnancy, and because of her participation in protected activities within the meaning of the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 and].

69. At all times material hereto, the Employer/Defendant SAO4th failed to comply with the Pregnancy Discrimination Act (PDA) and Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], Section 704(a), which makes it unlawful for an employer to retaliate against an individual "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing *under this subchapter*."  42 U.S.C. § 2000e-3(a) (emphasis added).

70. Defendant SAO4th employed Plaintiff Ariana R. Menendez from approximately March 02, 2020, to September 17, 2021, or eighteen months (80 weeks).

71. Plaintiff was hired as a full-time employee, being employed as an Executive Assistant for Stephen Siegel, Chief Administrative Officer and Financial Administrator for SAO4th.

72. At all times material hereto, the Employer/Defendant SAO4th failed to comply with the Pregnancy Discrimination Act (PDA), and the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], Section 704(a), which makes it unlawful for an employer to retaliate against an individual "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing *under this subchapter*." 42 U.S.C. § 2000e-3(a) (emphasis added).

73. On or about November 18, 2020, Plaintiff informed her boss, Mr. Siegel, that she was pregnant. Plaintiff also informed H.R. Director Debra Canada about her condition.

74. Since that moment, Defendant began to discriminate against Plaintiff because of her Pregnancy.

75. Plaintiff was required to receive some training for specific administrative procedures with HR Director Debra Canada.

76. While working with Ms. Canada, Plaintiff was subjected to unlawful acts of discrimination and was further subjected to different terms and conditions of employment.

77. Ms. Canada subjected Plaintiff to harassment asked Plaintiff inappropriate personal questions regarding her Pregnancy, and made her feel uncomfortable.

78. On or about March 2020,  Plaintiff began to work remotely and came to the office only twice a week. Ms. Canada requested Plaintiff to work more days at the office, regardless of COVID-19 concerns and her Pregnancy. Ms. Canada required Plaintiff's physical attendance five days per week.

79. Ms. Canada subjected Plaintiff to intense job scrutiny and surveillance. She questioned Plaintiff's time cards, her schedules, and everything Plaintiff did. Ms. Canada harassed Plaintiff on a daily basis.

80.  On or about December 8, 2020, Plaintiff complained to her boss Mr. Siegel about the treatment received from Ms. Canada.

81. During the following weeks, Plaintiff was subjected to continuous harassment so severe that it created a hostile and offensive working environment for Plaintiff, and that resulted in adverse employment actions such as denial of special accommodations and, finally, her termination.

82. Plaintiff felt harassed, unwelcome, uncomfortable, humiliated, and intimidated in her place of work. Plaintiff knew that her superiors were trying to fire her, but she did not complain for fear of precipitating her termination.

83. The hostile working environment suffered by Plaintiff caused her great mental distress and embarrassment.

84. Plaintiff continued working, but she felt unwelcome and isolated. Plaintiff knew immediately that the reason for this hostile treatment was her Pregnancy.

85. Plaintiff is a veteran in treatment for an impairment that substantially limits one or more life activities. Plaintiff altered or stopped her treatment when she became pregnant. Plaintiff's health issues were exacerbated by the hostile working environment suffered.

86. Plaintiff's medical appointments caused her difficulties at the workplace.

87. On or about February 26, 2021, Plaintiff requested special accommodations under ADAAA, but her request was ignored.

88. On or about April 14, 2021, Plaintiff was diagnosed with gestational diabetes. Plaintiff was having a high-risk pregnancy that required extensive pre-natal care. Plaintiff e-mailed her boss about her condition and her need for special accommodations, but she did not receive any answer.

89. Plaintiff's requests for special accommodations to work remotely were ignored or denied. On the contrary, Defendant removed Plaintiff from remote work, and she was required for physical attendance five days per week.

90. Other employees with similar conditions had been permitted to stay working at home during that period.

91. Due to her health condition and conflicting schedule keeping up with medical appointments, Plaintiff was forced to request an FMLA leave, following medical advice.

92. Plaintiff's FMLA request was approved on or about Monday, May 10, 2021.

93. Coincidentally, and in a retaliatory way, on or about Monday, May 10, 2022, Plaintiff was called to an impromptu meeting with Ms. Canada and Ms. Lisa Page to review Plaintiff's performance.

94. During the meeting, Plaintiff was accused of performing issues, and special accommodations were denied. Instead,  Ms. Canada had Plaintiff's FMLA paperwork. From printed FMLA paperwork, Ms. Canada read and discussed Plaintiff's protected medical information. Plaintiff felt her HIPAA rights were violated.

95. Right after the meeting, on or about May 10, 2021, Plaintiff e-mailed Ms. Page and Ms. Canada a letter complaining about discrimination, retaliation, and violation of her rights under ADAAA, FMLA, PDA, and HIPPA.

96. On or about May 10, 2021, Plaintiff complained about pregnancy discrimination

97. This complaint constituted protected activity under Title VII and The Pregnancy Discrimination Act (PDA).

98. On or about May 10, 2021, Plaintiff went home on medical leave earlier than anticipated due to the stressful working conditions. Plaintiff was authorized an FMLA medical leave until October 01, 2021.

99. However, on or about September 17, 2021, Plaintiff was fired.

100. At all times during her employment, Plaintiff did perform and excel at the performance of the essential functions assigned to her by Defendant, and the sole apparent reason for the termination of Plaintiff's employment was Plaintiff's pregnancy and related maternity leave, as Plaintiff was entitled to do under Federal and State Law.

101. There was no reason other than Pregnancy Discrimination and retaliation to terminate Plaintiff.

102.     On or about September 17, 2021, Plaintiff was terminated due to her past Pregnancy and childbirth and in retaliation for using her protected maternity leave rights.

103.     Defendant SAO4th is a sophisticated employer who has actual knowledge of the requirements of The Pregnancy Discrimination Act (PDA) and Title VII of the Civil Rights Act of 1964, as amended, and specifically of Section 704(a) of the Act, which specifically makes it unlawful to retaliate against employees who oppose or participate in statutorily protected activity.

104.     Defendant SAO4th, through its practices and policies as an employer, willfully and with malicious or reckless disregard for Plaintiff's federally protected rights, retaliated against Plaintiff Ariana R. Menendez on account of Plaintiff's Pregnancy and maternity leave.

105.     Retaliation based on having engaged in a protected activity constitutes unlawful retaliation within the meaning of Title VII and the PDA.

106.     Defendant SAO4th is subjected to vicarious liability for the actions of its agents because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to which Plaintiff was subjected,

despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

107.    As a result of the Retaliation, Plaintiff Ariana R. Menendez has incurred substantial monetary losses and has suffered emotional distress, embarrassment, and humiliation.

108.    Plaintiff has retained the law offices of the undersigned Attorney to represent her in this action and is obligated to pay reasonable attorneys' fees and costs.

## Prayer for Relief

Wherefore, Plaintiff J Ariana R. Menendez respectfully requests that this Court order the following:

A. Grant a permanent injunction enjoining Defendant SAO4th, its officers, successors, assigns, and all persons in active concert or participation with it from engaging in any employment practice which constitutes unlawful retaliation for having engaged in protected activity and;

B. Reinstate Plaintiff Ariana R. Menendez to the same position she held before the retaliatory personnel action or to an equivalent position;

C. Reinstate full fringe benefits and seniority rights to Plaintiff;

D. Order Defendant SAO4th to make Plaintiff whole by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment

interest, and other remuneration for mental pain, anguish, and humiliation

due to the discrimination of Plaintiff and due to the retaliatory discharge;

E.  For a money judgment representing prejudgment interest;

F.  Award any other compensation allowed by law, including compensatory

damages, punitive damages, and attorneys' fees and costs.

<u>Demand for a Jury Trial</u>

Plaintiff Ariana R. Menendez demands a trial by jury on all issues triable as of

right by a jury.

## COUNT III:
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992 CHAPTER 760: DISCRIMINATION BASED ON SEX

109.     Plaintiff Ariana R. Menendez re-adopts every factual allegation stated

in paragraphs 1-49 and above as if set out in full herein.

110.     At all times material hereto, the Employer/Defendant  SAO4th failed

to comply with the Florida Civil Rights Act of 1992 [Florida Statutes Section

760.10], which states,

 *"It is an unlawful employment practice for an employer: To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race*, color, *religion, sex, national origin, age, handicap, or marital status"*

111.     The discrimination of Plaintiff Ariana R. Menendez by Defendant

SAO4th was caused by Defendant being aware of Plaintiff's Sex and Sex-

related Pregnancy.

112.    Defendant's decision to discriminate against Plaintiff was because of Plaintiff's Sex and Sex-related Pregnancy.

113.    At all relevant times aforementioned, including the time of discrimination, Defendant SAO4th was aware that Plaintiff Ariana R. Menendez belonged to a protected group.

114.    At the time of the unlawful discrimination, Plaintiff did perform and excel at the performance of the essential functions assigned to her by Defendant.

115.    Plaintiff was qualified for the position apart from her apparent Sex and related Pregnancy.

116.    Plaintiff was discriminated against by Defendant SAO4th because Plaintiff was a pregnant female.

117.    Defendant is a sophisticated employer who has actual knowledge of the requirements of the Florida Civil Rights Act, Chapter 760.

118.    The failure of Defendant SAO4th to adhere to the mandates of the Act was willful, and its violations of the provisions of the Act were willful.

119.    Defendant SAO4th, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's State protected rights, discriminated against Plaintiff on account of her Sex, in

violation of the Act with respect to its decision to treat Plaintiff differently from other employees.

120.     Plaintiff Ariana R. Menendez was discriminated against, harassed, and discharged by Defendant SAO4th, and Plaintiff's termination from employment was directly and proximately caused by Defendant's unjustified discrimination against Plaintiff because of Plaintiff's Sex and related Pregnancy.

121.     As a direct and proximate result of Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental anguish, humiliation, pain, and suffering.

122.     Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by Defendant SAO4th is a mere pretext for the actual reasons for the termination from employment, Plaintiff's Sex, and Sex-related pregnancy.

123.     Defendant's actions were malicious and were recklessly indifferent to Plaintiff's rights protecting a person from discrimination due to their Sex. Discrimination on the basis of Sex constitutes unlawful discrimination in violation of the Florida Civil Rights Act, Chapter 760.

124.   Plaintiff has retained the law offices of the undersigned Attorney to represent her in this action and is obligated to pay reasonable attorneys' fees and costs.

Prayer for Relief

Wherefore, Plaintiff Ariana R. Menendez respectfully requests that this Court order the following:

A. Grant a permanent injunction enjoining Defendant SAO4th its officers, successors, assigns, and all persons in active concert or participation with it from engaging in any employment practice which discriminates on the basis of Sex;

B. Reinstate Plaintiff to the same position held before the retaliatory personnel action or to an equivalent position;

C. Reinstate full fringe benefits and seniority rights to Plaintiff;

D. Order Defendant to make Plaintiff whole by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest, and other remuneration for mental pain, anguish, pain, and humiliation;

E. For a money judgment representing prejudgment interest;

F. Award any other compensation allowed by law, including punitive damages, Attorney's fees (448.104).

Demand for a Jury Trial

Plaintiff Ariana R. Menendez demands a trial by jury on all issues triable as of right by a jury.

### COUNT IV:
### VIOLATION OF FLORIDA CIVIL RIGHTS ACT,
### CHAPTER 760, FLORIDA STATUTES; RETALIATION

125.     Plaintiff Ariana R. Menendez re-adopts every factual allegation as stated in paragraphs 1-49 and 105-123 of this Complaint as if set out in full herein.

126.     This is an action against Defendant SAO4th for unlawful retaliation under the Florida Civil Rights Act, Chapter 760, Fla. Stat. (FCRA).

127.     The FCRA contains an anti-retaliation provision forbidding employers from retaliating or taking adverse personnel action against those employees who exercise their lawful and protected rights under the Act.

128.     The FCRA, *Fla. Stat. Section 760.10,* (7) reads in applicable part as follows:

"*It is an unlawful employment practice for an employer, an employment agency, a joint labor management committee, or a labor organization to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section.*"

129.     Plaintiff Ariana R. Menendez is a member of a protected class under Title VII and the Florida Civil Rights Act because of her Sex and because of her participation in protected activities within the meaning of the Florida Civil Rights Act.

130.     Defendant SAO4th employed Plaintiff Ariana R. Menendez from approximately March 02, 2020, to September 17, 2021, or eighteen months (80 weeks).

131.     Plaintiff was hired as a full-time employee, being employed as an Executive Assistant for Stephen Siegel, Chief Administrative Officer and Financial Administrator for SAO4th.

132.     While working for Defendant SAO4th, Plaintiff was subjected to discrimination and harassment on the basis of Sex and Sex-related Pregnancy.

133.     Throughout her employment with Defendant, Plaintiff performed her duties in an exemplary fashion. Plaintiff possessed all the required skills, training, and qualifications for the job in question and performed her duties without significant issue or controversy.

134.     However, everything changed for Plaintiff on or about November 18, 2020, the date on which Plaintiff informed her superiors that she was pregnant.

135.    Since that moment, Defendant began to discriminate against Plaintiff because of her Sex and sex-related Pregnancy.

136.    Plaintiff was required to receive some training for specific administrative procedures with HR Director Debra Canada.

137.    While working with Ms. Canada, Plaintiff was subjected to unlawful acts of discrimination and was further subjected to different terms and conditions of employment.

138.    On or about December 8, 2020, Plaintiff complained to her boss Mr. Siegel about the treatment received from Ms. Canada.

139.    This complaint constituted protected activity under the Florida Civil Rights Act, Chapter 760, Fla. Stat.

140.    On or about March 2020,  Plaintiff began to work remotely and came to the office only twice a week. However, Ms. Canada requested Plaintiff to work more days at the office, regardless of COVID-19 concerns and her pregnancy. Ms. Canada required Plaintiff's physical attendance five days per week.

141.    Ms. Canada subjected Plaintiff to intense job scrutiny and surveillance. She questioned Plaintiff's time cards, her schedules, and everything Plaintiff did.

142.     Ms. Canada harassed Plaintiff on a daily basis. The harassment was so severe that it created a hostile and offensive working environment for Plaintiff, and that resulted in adverse employment actions such as denial of special accommodations and, finally, her termination.

143.     Plaintiff felt harassed, unwelcome, uncomfortable, humiliated, and intimidated in her place of work. Plaintiff knew that her superiors were trying to fire her, but she did not complain for fear of precipitating her termination.

144.     Plaintiff requested special accommodations to take care of her high-risk pregnancy, but they were denied.

145.     Plaintiff was forced to request an FMLA leave, which was approved on May 10, 2021. Plaintiff's leave was approved until October 01, 2021.

146.     In a retaliatory way, on the same day, May 10, 2021,  Plaintiff was called to an impromptu performance review, in which  Plaintiff was unfairly accused of performance issues, and her special accommodations requests were denied.

147.     Right after the meeting, on or about May 10, 2021, Plaintiff e-mailed Ms. Page and Ms. Canada a letter complaining about discrimination, retaliation, and violation of her rights under the Florida Civil Rights Act, Chapter 760, Fla. Stat. (FCRA).

148.    This complaint constituted protected activity under the Florida Civil Rights Act, Chapter 760, Fla. Stat.

149.    However, Plaintiff's protected activity resulted in adverse retaliatory actions that altered the terms, conditions, and privileges of Plaintiff's employment.

150.    Plaintiff's baby was born on or about June 22, 2021.

151.    On or about September 17, 2021, Defendant Mr. Siegel and Ms. Canada contacted Plaintiff to inform her that she was fired.

152.    On or about September 17, 2021, Plaintiff was fired by Defendant, and Plaintiff's termination was directly and proximately caused by Defendant's unjustified discrimination and retaliation against Plaintiff because she complained of unlawful discrimination and harassment in violation of both Federal and State Laws.

153.    Plaintiff's protected activity resulted in adverse retaliatory actions that altered the terms, conditions, and privileges of Plaintiff's employment.

154.     Defendant SAO4th fired Plaintiff Ariana R. Menendez, and the termination was directly and proximately caused by Plaintiff's complaints about unlawful discrimination.

155.    As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered severe economic losses as well as mental pain and suffering.

156.    Any alleged nondiscriminatory reason for terminating Plaintiff asserted by Defendant is a mere pretext for the actual reasons for termination, Plaintiff's complaints of Sex and Sex-related pregnancy discrimination and harassment.

157.    Defendant's actions were malicious and were recklessly indifferent to Plaintiff's rights protecting a person from discrimination due to their Sex and retaliation due to their complaints of unlawful discrimination. Retaliation based on having engaged in a protected activity constitutes unlawful retaliation.

158.    As a result of the retaliation, Plaintiff Ariana R. Menendez has incurred substantial monetary losses and has suffered emotional distress, embarrassment, and humiliation.

159.    Defendant SAO4th's acts, through their agents, were done with malice and reckless disregard for Plaintiff's State protected civil rights.

160.    Defendant SAO4th is subject to vicarious liability for the actions of its agents because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to which Plaintiff was subjected,

despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

161.     As a direct and proximate result of the actions and omissions of Defendant, Plaintiff has suffered injury and losses, including a violation of her statutory rights.

162.     Plaintiff has no plain, adequate, or complete remedy at law. Plaintiff is still suffering and will continue to suffer irreparable injury in the form of psychiatric and psychological harm, extreme emotional distress, emotional pain, mental anguish and humiliation, loss of dignity, loss of enjoyment of life, loss of past and future wages and an inability to earn wages in the future. These losses are continuing and will continue in the future.

163.     Plaintiff has retained the law offices of the undersigned Attorney to represent her in this action and is obligated to pay reasonable attorneys' fees.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Ariana R. Menendez respectfully requests that this Court order the following;

A. Grant a permanent injunction enjoining Defendant SAO4th, its officers, successors, assigns, and all persons in active concert or participation with it from engaging in further discriminatory and retaliatory practice in violation of The FCRA, Fla. Stat. Section 760.10, (7) ;

B. Award Plaintiff Ariana R. Menendez a judgment against Defendant SAO4th for compensatory damages as determined by the Trier of fact;

C. Award Plaintiff restitutionary damages including back pay, front pay, liquidated damages, any "Employee Welfare Benefits" and retirement benefits for the time Plaintiff should have worked absent Defendant's discriminatory treatment;

D. Enter Judgment for Punitive damages against Defendant SAO4th;

E. Award all reasonable Attorney's fees and costs incurred in connection with this action; and any other and further relief as justice may require.

<u>Demand for a Jury Trial</u>

Plaintiff Ariana R. Menendez demands a trial by jury on all issues triable as of right by a jury.

## COUNT V:
## VIOLATION OF THE FAMILY & MEDICAL LEAVE ACT OF 1993
## RETALIATION FOR EXERCISING FMLA RIGHTS

164.     Plaintiff Ariana R. Menendez re-adopts every factual allegation about the Family Medical Leave Act as stated in paragraphs 1-49 above as if set out in full herein.

165.     This is an action against corporate Defendant SAO4th for damages and injunctive relief for violation of the Family and Medical Leave Act of 1993 (29 USC § 2601-2654).

166.     At all times relevant and material, Defendant SAO4th is an Employer under the FMLA, as defined in 29 USC § 2611(4). Defendant was at all-time pertinent to this Complaint, engaged in interstate commerce, and employed 50 or more employees within a 75 miles radius of the facility where Plaintiff worked.

167.     Plaintiff Ariana R. Menendez is a qualified female member of the protected class within the purview of 29 USC Section 2601, The Family & Medical Leave Act.

168.     Defendant SAO4th employed Plaintiff Ariana R. Menendez from approximately March 02, 2020, to September 17, 2021, or eighteen months (80 weeks).

169.     Plaintiff was hired as a full-time employee, being employed as an Executive Assistant for Stephen Siegel, Chief Administrative Officer and Financial Administrator for SAO4th.

170.     Plaintiff had worked for SAO4th for more than 1,250 hours in the 12 months preceding her need for medical leave.

171.     At all times material, Plaintiff was qualified to perform her job as an Executive Assistant within the legitimate expectations of her Employer.

172.     On or about May 7, 2021, Plaintiff requested an FMLA leave to take care of her high-risk pregnancy.

173.     Plaintiff's FMLA request was approved on or about May 10, 2021.,

174.     Plaintiff went home on FMLA leave with an approved return to work date of October 01, 2021.

175.     Plaintiff's baby was born on or about June 22, 2021.

176.     However, on or about On or about September 17, 2021, Defendant Mr. Siegel and Ms. Canada contacted Plaintiff to inform her that she was fired.

177.     On  or about May 10, 2021, Plaintiff engaged in protected activity when she exercised her rights to take  an FMLA leave.

178.     As a direct result of Plaintiff's protected activity, Defendant fired Plaintiff on or about September 17, 2021.

179.     Plaintiff suffered a materially adverse action of a type that would dissuade a reasonable employee from engaging in statutorily protected activity. Specifically,

180.     There is a causal link between Plaintiff's protected activity and the adverse action.

181.     Plaintiff was wrongfully terminated from her position in retaliation for her ability to exercise her rights under the Act, thereby adversely affecting Plaintiff.

182.     Defendant SAO4th is subjected to the provisions of the Family and Medical Leave Act of 1993 (29 USC § 2601-2654). Defendant retaliated against Plaintiff violating 29 US CODE § 2615 and 29 CFR § 825.220, which states in pertinent part:

§ 825.220 Protection for employees who request a leave or otherwise assert FMLA rights.

(a) The FMLA prohibits interference with an employee's rights under the law, and with legal proceedings or inquiries relating to an employee's rights. More specifically, the law contains the following employee protections:

(1) An employer is prohibited from interfering with, restraining, or denying the exercise of (or attempts to exercise) any rights provided by the Act.

(2) An employer is prohibited from discharging or in any other way discriminating against any person (whether or not an employee) for opposing or complaining about any unlawful practice under the Act.

183.     Plaintiff was entitled to FMLA leave. However, Defendant, in complete disregard of Plaintiff's protected rights under the Family Medical Leave Act, acting in bad faith, fired Plaintiff, preventing her from obtaining

the benefits of FMLA leave of absence to take care of a qualified serious health condition and then continuing her job in her original position or any equivalent position.

184.    Defendant willfully and wantonly denied or otherwise interfered and retaliated against Plaintiff because she exercised substantive rights under the Family Medical Leave Act.

185.    As a direct and proximate cause of Defendant's willful, wanton, and malicious acts described in part above, Plaintiff has sustained damages for the loss of her employment, as well as the security and peace of mind it provided her. Plaintiff has incurred additional damages, including lost wages, pain and suffering, mental anguish, and other damages connected with the loss of her job.

186.    Plaintiff has retained the law offices of the undersigned Attorney to represent her in this action and is obligated to pay reasonable attorneys' fees.

<u>Prayer For Relief</u>

Wherefore, Plaintiff Ariana R. Menendez respectfully requests that this Honorable Court will grant judgment:

A. Finding that SAO4th's actions toward Plaintiff are violative of Plaintiff's rights under the FMLA.

B. Awarding Plaintiff Ariana R. Menendez payment of all back wages, lost

benefits, and other economic damages, including front pay, found by the

Court to be due under FMLA;

C.  Awarding Plaintiff an additional equal amount as liquidated damages

for Defendant's willful violation of the FMLA;

D.  Granting such other and further relief as is just and proper;

E.  Awarding Plaintiff costs, including a reasonable attorney's fee.

<u>Demand for a Jury Trial</u>

Plaintiff Ariana R. Menendez demands a trial by a jury of all issues triable as a

right by jury.

**<u>COUNT VI:</u>**
**<u>VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992 CHAPTER 760:</u>**
**<u>DISCRIMINATION BASED ON DISABILITY</u>**

187.    Plaintiff Ariana R. Menendez re-adopts every factual allegation stated in

paragraphs 1- 40 and above as if set out in full herein.

188.    At all times material hereto, the Employer/Defendant SAO4th failed to comply

with the Florida Civil Rights Act of 1992 [Florida Statutes Section 760.10], which states,

  *"It is an unlawful employment practice for an employer: To discharge or to fail or refuse
  to hire any individual, or otherwise to discriminate against any individual with respect to
  compensation, terms, conditions, or privileges of employment, because of such individual's
  race*, color, *religion, sex, national origin, age, handicap, or marital status."*

189.    The discrimination of Plaintiff Ariana R. Menendez by Defendant SAO4th

was caused by Defendant being aware of Plaintiff's Disability.

190.    Defendant's decision to discriminate against Plaintiff Ariana R. Menendez was

because of Plaintiff's actual or perceived Disability or Handicap.

191.     At all relevant times aforementioned, including the time of discrimination, Defendant SAO4th was aware that Plaintiff Ariana R. Menendez had a disability.

192.     At the time of the unlawful discrimination, Plaintiff did perform and excel at the performance of the essential functions assigned to her by Defendant.

193.     The Plaintiff was qualified for the position apart from her apparent Disability.

194.     Plaintiff was discriminated against by Defendant SAO4th because Plaintiff was a member of a PROTECTED GROUP.

195.     Defendant is a sophisticated employer who has actual knowledge of the requirements of the Florida Civil Rights Act, Chapter 760.

196.     The failure of Defendant SAO4th to adhere to the mandates of the Act was willful, and its violations of the provisions of the Act were willful.

197.     Defendant SAO4th, through its practices and policies as an employer, willfully and with malicious or reckless disregard of Plaintiff's State protected rights, discriminated against Plaintiff Ariana R. Menendez on account of her Disability or handicap, in violation of the Act with respect to its decision to treat Plaintiff different from other employees.

198.      Plaintiff was wrongfully terminated by Defendant, and Plaintiff's termination from employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of Plaintiff's Disability.

199.     As a direct and proximate result of Defendant's intentional conduct, Plaintiff Ariana R. Menendez suffered severe economic losses as well as mental anguish, humiliation, and pain and suffering.

200.    Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by Defendant SAO4th is a mere pretext for the actual reasons for the termination from employment, Plaintiff's Disability, and complaints related to the unlawful acts of discrimination and harassment.

201.    Defendant's actions were malicious and were recklessly indifferent to Plaintiff's rights protecting a person from discrimination due to their Disability or Handicap. Discrimination based on Disability constitutes unlawful discrimination in violation of the Florida Civil Rights Act, Chapter 760.

202.    Plaintiff has retained the law offices of the undersigned Attorney to represent her in this action and is obligated to pay reasonable attorneys' fees and costs.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Ariana R. Menendez respectfully requests that this Court order the following:

A.  Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it from engaging in any employment practice which discriminates based on Disability or Handicap;

B.  Reinstate Plaintiff to the same position held before the retaliatory personnel action or to an equivalent position;

C.  Reinstate full fringe benefits and seniority rights to Plaintiff;

D.  Order Defendant to make Plaintiff whole by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest, and other remuneration for mental pain, anguish, pain, and humiliation;

E.  For a money judgment representing prejudgment interest;

F.  Award any other compensation allowed by law, including punitive damages, Attorney's

   fees (448.104).

Demand for a Jury Trial

Plaintiff Ariana R. Menendez demands a trial by jury on all issues triable as of right by a jury.

Date: December 22, 2022

                              Respectfully submitted,

                              By:  _/s/ Zandro E. Palma_____
                              ZANDRO E. PALMA, P.A.
                              Florida Bar No.: 0024031
                              9100 S. Dadeland Blvd.
                              Suite 1500
                              Miami, FL 33156
                              Telephone:     (305) 446-1500
                              Facsimile:     (305) 446-1502
                              zep@thepalmalawgroup.com
                              *Attorney for Plaintiff*