UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ARIANA R. MENENDEZ,

    Plaintiff,

v.    Case No. 3:22-cv-1424-TJC-JBT

STATE ATTORNEY OFFICE FOURTH
JUDICIAL CIRCUIT,

    Defendant.

## **O R D E R**

This employment discrimination case is before the Court on Defendant Florida Office of the State Attorney for the Fourth Judicial Circuit (State Attorney's Office)'s Motion to Dismiss Plaintiff Ariana R. Menendez's First Amended Complaint (Doc. 19), to which Menendez responded in opposition. (Doc. 20).

## I. BACKGROUND[1]

Menendez was employed by the State Attorney's Office from approximately March 2, 2020, to September 17, 2021. (Doc. 18 ¶ 13). Menendez was qualified for her role as an executive assistant and performed her duties in an "exemplary fashion." Id. ¶¶ 14–15. On November 18, 2020, Menendez informed her boss that she was pregnant. Id. ¶ 16. Once Menendez revealed that she was pregnant, she

---

[1] These facts, assumed as true, are taken from the First Amended Complaint. (Doc. 18).

began to experience negative treatment, especially by the HR Director, whom Menendez had to complete training with. Id. ¶¶ 16–17, 19–24. On December 8, 2020, Menendez complained to her boss about the HR Director's treatment of Menendez, but the HR Director's behavior did not improve. Id. ¶¶ 25–29. Menendez had various health issues during her pregnancy, and her requests for accommodations were ignored. Id. ¶¶ 30–32, 34. On May 7, 2021, Menendez submitted a request for FMLA leave. Id. ¶¶ 36–37. On May 10, 2021, the day her FMLA leave was approved, Menendez was called to an unexpected meeting to discuss her job performance with the HR Director and her interim boss.[2] Id. ¶¶ 37–39. In addition to discussing her job performance issues at the meeting, the HR Director discussed Menendez's FMLA paperwork. Id. ¶ 39. After the meeting, Menendez emailed the HR Director and her interim boss "complaining about discrimination, retaliation, and violation of her rights under ADAAA, FMLA, PDA, and HIPPA." Id. ¶ 41. Menendez went home that day to begin her FMLA leave, with an authorized return date of October 1, 2021. Id. ¶ 42. Menendez had her baby on June 22, 2021. Id. ¶ 43. In August 2021, someone from the State Attorney's Office contacted Menendez to ask when she intended to return to work, and Menendez informed them that she would return on her authorized return date of

---

[2] The Amended Complaint alleges that the meeting occurred on May 10, 2022, but the Court assumes this is a typographical error and the meeting occurred on May 10, 2021.

October 1, 2021. Id. ¶ 45. That same month, Menendez received an email alert for a job posting similar to her position. Id. On September 17, 2021, Menendez's boss and the HR Director called Menendez to fire her. Id. ¶ 46. Menendez alleges that the State Attorney's Office subjected her to hostile treatment and terminated her employment because of her pregnancy and because of her attempts to exercise her protected rights under federal and state law. Id. ¶¶ 29, 40, 48.

Menendez alleges four Counts (Id. ¶¶ 50–163):

- Count I: Violation of Title VII of the Civil Rights Act of 1964 and the Pregnancy Discrimination Act Amendment
- Count II: Retaliation in violation of Title VII of the Civil Rights Act of 1964 and the Pregnancy Discrimination Act Amendment
- Count III: Violation of the Florida Civil Rights Act of 1992 (FCRA) Chapter 760: Discrimination Based on Sex
- Count IV: Retaliation in violation of FCRA Chapter 760

Menendez seeks a permanent injunction enjoining the State Attorney's Office from engaging in discriminatory and retaliatory employment practices, reinstatement to her position or a similar position with full fringe benefits and seniority rights, compensation for lost wages and benefits, other monetary damages, and attorneys' fees. Id. at 14–15, 23–24, 27–28, 35–36.

## II.   MOTION TO DISMISS STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the

3

legal sufficiency of allegations in the complaint. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice. Twombly, 550 U.S. at 555.

## III. DISCUSSION

The State Attorney's Office argues that the Court should dismiss Counts I and II because the Title VII claims are untimely, and that the Court should dismiss all four Counts because they fail to state a claim upon which relief can be granted. (See generally Doc. 19). These two arguments are considered in turn.

### A. Timeliness

"A plaintiff has 90 days to file an employment discrimination lawsuit after receiving the EEOC's notice of right to sue." Winsor v. Home Depot U.S.A., Inc., 743 F. App'x 335, 336 (11th Cir. 2018) (citing 42 U.S.C. § 2000e-5(f)(1)).[3] Menendez alleges that although the notice of right to sue was posted on the EEOC portal on

---

[3] The Court does not rely on unpublished opinions as binding precedent, however, they may be cited when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060-61 (11th Cir. 2022).

4

September 21, 2022, due to "severe technical difficulties accessing the EEOC web portal," Menendez's counsel was not able to retrieve the document until December 14, 2022. (Doc. 18 at ¶¶ 9–10). Menendez filed this action on December 22, 2022, 92 days after the right to sue letter was posted. (Doc. 1). Menendez alleges that her lawsuit is timely despite this delay because the right to sue letter states, "Receipt generally means the date when you (or your representative) opened this email or mail." (Docs. 18 ¶ 10; 18-1 at 3). However, the State Attorney's Office argues that Menendez's Title VII claims should be dismissed because she did not file suit within 90 days of the issuance of her right to sue letter and did not provide a compelling reason for the delay. (Doc. 19 at 2–4).

At this stage of the proceedings, the Court accepts as true that Menendez's counsel had trouble accessing the EEOC portal and did not open the right to sue letter until December 14, 2022, making her lawsuit timely. See Ashcroft, 556 U.S. at 679. The State Attorney's Office may renew this argument at the summary judgment stage, but at this stage, the State Attorney's Office's motion to dismiss Counts I and II as untimely is denied.

### B.     Motion to Dismiss for Failure to State a Claim[4]

Title VII prohibits employment discrimination on the basis of sex. See 42 U.S.C. § 2000e–2(a). The Pregnancy Discrimination Act amended Title VII to add that the prohibition on sex discrimination includes discrimination "because of or on the basis of pregnancy, childbirth, or related medical conditions." 42 U.S.C. § 2000e(k). "The analysis for a pregnancy discrimination claim is the same type of analysis used in other Title VII sex discrimination suits." Holland v. Gee, 677 F.3d 1047, 1054–55 (11th Cir. 2012) (quoting Armindo v. Padlocker, Inc., 209 F.3d 1319, 1320 (11th Cir. 2000)).

Title VII disparate treatment claims require proof of discriminatory intent. See Reeves v. C.H. Robinson Worldwide, Inc., 594 F.3d 798, 813 (11th Cir. 2010). To show intent through circumstantial evidence, a plaintiff may rely on the framework in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802–04 (1973). See Jenkins v. Nell, 26 F.4th 1243, 1249 (11th Cir. 2022). Under the McDonnell Douglas framework, a plaintiff establishes a prima facie case of discrimination by demonstrating that: "(1) [she] belongs to a protected class; (2) [she] suffered an adverse employment action; (3) [she] was qualified to perform the job in question;

---

[4] "Because the FCRA is modeled after Title VII, and claims brought under [the FCRA] are analyzed under the same framework [as Title VII], see Harper v. Blockbuster Entertainment Corp., 139 F.3d 1385, 1387 (11th Cir.1998) (citing Florida case law), the state-law claims do not need separate discussion and their outcome is the same as the federal ones." Alvarez v. Royal Atl. Devs., Inc., 610 F.3d 1253, 1271 (11th Cir. 2010).

6

and (4) [her] employer treated similarly situated employees outside [her] class more favorably." Id. (quotation marks and citation omitted). However, although a prima facie case is ultimately required to survive summary judgment, "[a] Title VII complaint need not allege facts sufficient to make out a classic prima facie case, but must simply provide enough factual matter to plausibly suggest intentional discrimination." Evans v. Ga. Reg'l Hosp., 850 F.3d 1248, 1253 (11th Cir. 2017) abrogated on other grounds by Bostock v. Clayton Cnty., 140 S. Ct. 1731 (2020).

Title VII also prohibits employers from retaliating against employees for opposing unlawful employment practices. See 42 U.S.C. § 2000e–3(a). To state a claim for retaliation in violation of Title VII, a plaintiff must allege that "(1) [she] engaged in a statutorily protected activity; (2) [she] suffered an adverse employment action; and (3) [she] established a causal link between the protected activity and the adverse action." Bryant v. Jones, 575 F.3d 1281, 1307–08 (11th Cir. 2009).

The State Attorney's Office argues that the entire First Amended Complaint should be dismissed because Menendez does not allege sufficient facts to state a claim. (Doc. 19 at 4–7). While some of Menendez's allegations are somewhat conclusory, under the pleading standards set forth above, Menendez pleads enough to make plausible claims for sex and pregnancy discrimination and retaliation in violation of Title VII and the FCRA. The only element of Menendez's claims the State Attorney's Office specifically mentions is the adverse employment action

7

requirement. Id. The State Attorney's Office argues that Menendez does not sufficiently allege that the required training she had to complete or the meeting about her job performance were adverse employment actions. Id. at 6–7. However, regardless of the sufficiency of those particular allegations, Menendez also alleges that her employment was terminated, (Doc. 18 ¶¶ 26, 46–49, 61, 81, 100–02, 120, 142, 151–52, 154), and this is enough on its own to allege an adverse employment action. See Jefferson v. Sewon Am., Inc., 891 F.3d 911, 924 (11th Cir. 2018).

The State Attorney's Office also argues that Menendez fails to state a claim because it does not have any documentation of Menendez's health conditions, accommodation requests, or medical justification for FMLA leave lasting from May 10, 2021 to October 1, 2021. (Doc. 19 at 6–7). These arguments are better suited for the summary judgment stage. At this stage of the case, the Court assumes the veracity of Menendez's well-pleaded factual allegations and finds that they plausibly give rise to an entitlement to relief. See Ashcroft, 556 U.S. at 679.

Accordingly, it is hereby

**ORDERED:**

1. The State Attorney's Office's Motion to Dismiss Menendez's First Amended Complaint (Doc. 19) is **DENIED**. The State Attorney's Office shall file an answer to the First Amended Complaint by November 6, 2023.

2. The parties will continue to be governed by the Case Management and Scheduling Order. (Doc. 14).

**DONE AND ORDERED** in Jacksonville, Florida the 16th day of October, 2023.



TIMOTHY J. CORRIGAN
United States District Judge

hkf
Copies:

Counsel of record